# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ROBERT L. HIGGINS,<br><br>Debtor | Case No.: 22-12021 (mdc)<br><br>Chapter 13 |
| THE DONALD PARKER SEPARATE PROPERTY TRUST<br><br>Movant,<br><br>v.<br><br>ROBERT L. HIGGINS<br><br>Respondent. | |

## **MOTION FOR EXPEDITED HEARING**

Movant, the Donald Parker Separate Property Trust (the "Trust"), files this motion ("Expedited Hearing Motion") by and through its undersigned counsel, and respectfully requests an expedited hearing on its Expedited Motion To Dismiss Chapter 13 Case for Bad Faith Pursuant To 11 U.S.C. § 1307, which is being simultaneously filed. The Trust's position is that the seriousness of the Debtor's actions require immediate court intervention.

{01847330;v1}    1

Wherefore, the Trust respectfully requests an expedited hearing on August 30, 2022 and an objection deadline prior thereto, and has attached a proposed Order.

        FINEMAN KREKSTEIN & HARRIS

        */s/ Deirdre M. Richards*
        Deirdre M. Richards (#57712)
        1801 Market Street, Suite 1140
        Philadelphia, PA  19103
        (215) 893-8703
        drichards@finemanlawfirm.com

DATED:  August 19, 2022

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ROBERT L. HIGGINS,<br><br>Debtor. | Case No.: 22-12021 (mdc)<br><br>Chapter 13 |
| THE DONALD PARKER SEPARATE PROPERTY TRUST<br><br>Movant,<br>v.<br><br>ROBERT L. HIGGINS<br><br>Respondent. | |

**[PROPOSED] ORDER GRANTING EXPEDITED HEARING**

On this _____ day of August, 2022, upon consideration of the Expedited Motion for Hearing (the "Expedited Hearing Motion") regarding the Expedited Motion To Dismiss Chapter 13 Case for Bad Faith Pursuant to 11 U.S.C. §1307(c) (the "Expedited Motion to Dismiss") filed by The Donald Parker Separate Property Trust (the "Trust"), it is HEREBY ORDERED that the Expedited Hearing Motion is Granted.

IT IS FURTHER ORDERED THAT there will be a telephonic hearing[1] on the Expedited Motion to Dismiss on August 30, 2022 at 10:30 a.m., and any objections may be filed by August 25, 2022.

_____
The Honorable Magdeline D. Coleman
Chief United States Bankruptcy Judge

---

[1] The call in number is 1-877-336-1828 and the access code is 7855846.

{01847331;v1}

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>ROBERT L. HIGGINS,<br><br>Debtor. | Case No.: 22-12021 (mdc)<br><br>Chapter 13 |
| THE DONALD PARKER<br>SEPARATE PROPERTY TRUST<br><br>Movant,<br>v.<br><br>ROBERT L. HIGGINS<br><br>Respondent. | |

**EXPEDITED MOTION OF THE DONALD PARKER SEPARATE PROPERTY TRUST TO DISMISS DEBTOR'S CHAPTER 13 BANKRUPTCY CASE FOR BAD FAITH PURSUANT TO 11 U.S.C. §1307(c)**

The Donald Parker Separate Property Trust (hereinafter referred to as the "Trust"), by and through its counsel, hereby files this Motion to Dismiss Debtor's Chapter 13 Bankruptcy Case For Bad Faith Pursuant to 11 U.S.C. §1307(c) (the "Motion").

**I.    Preliminary Statement**

1. Robert Higgins is a repeat bankruptcy filer who defrauded his victims before his bankruptcies and continues to victimize his creditors while in his bankruptcies. As set forth herein, the Debtor has shown that he is not forthcoming with his creditors or the Bankruptcy Court by continually failing to disclose either the names of his creditors or the correct facts on his Schedules of Assets and Liabilities ("Schedules") and his Statement of Financial Affairs ("SOFA"). Numerous time when the Trust raised Higgins's lack of disclosure in pleadings, the Debtor has amended his Schedules. This behavior raises the questions regarding why the truth was not

{01847344;v1}01827902;v1}                                    1

disclosed when he originally filed his Schedules and signed them under penalty of perjury. This knowing pattern of failing to be honest on his papers shows behavior that is inequitable, unreasonable, dishonest and highly prejudicial to his creditors, which is consistent with prior bad behavior. Such *modus operandi* also shows the Debtor's lack of good faith.

2. The Debtor's failure to provide the Chapter 13 Trustee with necessary documents forcing the Trustee to continue his 341(a) Meeting of Creditors, and then filing a Voluntary Dismissal of his case the day before the continued 341(a) was also a dishonest maneuver. This is a typical tactic of Higgins—to postpone telling the truth as long as possible.

3. The Debtor's latest failure to disclose in either his Schedules, SOFA (Paragraph #9 specifically asks for all lawsuits against the Debtor), Amended Creditor Matrix or any document, the ***United States of America vs. Robert L. Higgins***, wherein a Grand Jury for the District of Delaware filed criminal felony charges against Higgins in the United States District Court for the District of Delaware in May 2022 (the "Criminal Action") is unacceptable behavior.

4. The Criminal Action includes a [redacted] Second Superseding Indictment against Higgins including, thirteen (13) counts for, *inter alia*, charges of Attempt to Evade or Defeat Tax, Tax Evasion and Wire Fraud and refers to Higgins's false and fraudulent personal income tax returns from 2015-2022 submitted to the U.S., and his diverting business assets as further stated therein. (See Docket Criminal Action No.22-14 MN, U.S. District Court of Delaware, and the [redacted] Second Superseding Indictment attached hereto as **Exhibits "A" and "B,"** respectively). Charges in the Criminal Action also state, *inter alia*, that Higgins has diverted business assets of the Argent Asset Group LLC to pay personal expenses in violation of Title 26. § 7201, and outlines charges with respect to a victim that is *extremely similar to Higgins's actions with respect to Mr. Parker*. *See* Exhibit "B," Pages 4-6.

5. Bankruptcy is a court of equity for the honest debtor. Bankruptcy Court is not a forum that allows a debtor to continue to defraud its creditors or make disclosures to the Court only when he is called out for a failure to disclose. In support of the Motion, the Trust states as set forth herein.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157(b)(1).

7. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding.

8. The statutory predicates for this Motion is Bankruptcy Code Section 1307(c).

9. The Trust consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## III. BACKGROUND

### A. The Trust

10. The Trust is a trust organized under the laws of the State of California on or around June 10, 1997. The Trust is the sole beneficiary of the estate of Donald C. Parker (referenced herein as "Mr. Parker"), who died on November 21, 2017. The Trust's principal place of business is at 4370 Tujunga Avenue, Suite 220, Studio City, California 91604. The Trust expressly has the authority to initiate or defend any litigation relating to the Trust. The current co-trustees are Philip W. Bartenetti, Scott B. Howard and Timothy Walbridge.

11. The Trust's claims against Robert Higgins are succinctly set forth in the attached Complaint in *Donald C. Parker v. Robert Higgins, an individual, Certified Assets Management, Inc., a Delaware Corporation and Does 1 through 10, inclusive,* which was filed in the Superior

Court for the State of California, Los Angeles, Case No. BC583351 (the "California Action"). The Complaint in the California Action was filed on June 4, 2015, personally served on Robert Higgins on June 5, 2015, and is attached hereto as **Exhibit "C."**

12. On July 20, 2016, the Superior Court in the California Action entered a default and default judgment for the Trust in the amount of $248,631.64 plus interest, and is attached hereto as **Exhibit "D."**

### B. Higgins' Three Chapter 13 Cases in the Eastern District of Pennsylvania

#### (i) Case 16-13543-mdc ("First Bankruptcy Case")

13. On May 18, 2016, the Debtor filed a Chapter 13, case number 16-13543 and failed to list the Trust as a creditor or in the Creditor Matrix or Schedules or SOFAs or in any way notice either Donald Parker or the Trust of his bankruptcy case.

14. After the Trust discovered Higgins First Bankruptcy Case in June 2020, the Trust sought to and obtained an order that the automatic stay was annulled (*i.e.* never existed) such that the judgment filed in California by the Trust was a valid order.

15. The Trust also filed a Complaint Objecting to the Dischargeability of its claim, commencing an adversary action so that the Trust's claim was not discharged based on failure to notice the Trust and based on fraud. The Court never ruled on the Trust's Complaint. After a year, wherein the Debtor raised bogus defenses under California law, this Court ruled (not on the adversary, but on the Trust's motion in the main bankruptcy case) that the Trust's claim was not discharged pursuant to Section 1328(a)(3), but failed to consider the other Counts in the Adversary Action for fraud.

**(ii)     Case 22-10375-mdc (Second Bankruptcy Case"**

16. The Debtor filed case number 22-10375-mdc on February 16, 2022, two days after counsel for the Debtor told the bankruptcy court in a hearing wherein the Trust was seeking an Order that its claim was not discharged, and Trust's counsel that the sheriff sale of the Debtor's residence in Chester County was still scheduled for the February 17th. Instead, on February 16, 2022, the Debtor and its same counsel filed the Second Bankruptcy Case.

**(a) The California Action**

17. On February 24, 2022, the Debtor filed a Motion to Vacate Default and Default Judgment ("Debtor's Motion to Vacate") in the California Action in the Superior Court of California. Thereafter, the Trust responded to Debtor's improper Motion to Vacate. On April 8, 2022, the Superior Court in the California Action denied Robert Higgins's Motion to Vacate Default and Default Judgment in the California Action. The Superior Court judge also ordered Higgins's attorney to pay $999.00 in monetary sanctions per stipulation of counsel for the "speciousness" of the Motion he filed. The Final Order denying the Debtor's Motion to Vacate in the California Action is attached hereto as **Exhibit "E."**

**(b) The Debtor's Schedules and the Trust's Motion to Dismiss**

18. On March 25, 2022, the Debtor signed his Schedules under the phrase **"Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct."**

19. On March 28, 2022, the Debtor filed the First Amended Chapter 13 Plan proposing to pay nothing to the Trust. (D.I. 28). On May 2, 2022, the Trust filed an Objection to Debtor's First Amended Chapter 13 Plan, and requested that confirmation be denied because, among other

reasons, the Plan is not feasible. (D.I. #43). On May 23, 2022, the Debtor filed an Amended Schedule I, which was unsigned and appears to have changed the Debtor's income.

20. On May 6, 2022, the Trust filed a Motion to Dismiss the Debtor's Second Bankruptcy Case (the "Trust's Motion to Dismiss") (D.I.48). The Trust's Motion to Dismiss included t*wo arguments. First that the Debtor was outside the debt limits for unsecured, non-contingent, unliquidated debts, and alternatively to dismiss the Debtor's case because the totality of the circumstances showed bad faith.*

21. The Debtor filed a response to the Trust's Motion to Dismiss on May 20, 2022 and the Trust filed a Reply on May 24, 2022 (D.I. 64).

22. Less than twenty-four (24) hours before the hearing on the Trust's Motion to Dismiss, the Debtor filed a Supplemental Response to the Motion to Dismiss and amended Schedules E/F and H. The amendments were made to attempt an end-run around the Trust's Motion to Dismiss and the arguments therein regarding the unsecured debt limit at that time in a Chapter 13 case.

23. With respect to Navient, the originally filed Schedule E/F (D.I. 26) showed Navient as Robert Higgins's debt that was neither contingent, unliquidated or disputed. The amended Schedule E/F (D.I. 67) shows Navient as a contingent debt that is his obligation upon his daughter not paying her student loan. The Debtor also amended Schedule H to add his daughter as a co-debtor even though she had not been listed on his original Schedules.

24. With respect to the Trust, the Debtor's original Schedule E/F showed the debt in an unknown amount and contingent, unliquidated and disputed. The amended Schedule E/F kept the debt as contingent, unliquidated and disputed in an amount of $388,492.06.

### (c) The 341(a) Meeting of Creditors and the Trust's Motion to Dismiss

25. The 341(a) Meeting of Creditors ("341(a)") in the Debtor's Second Bankruptcy Case was scheduled for April 27, 2022.

26. The Chapter 13 Trustee did not hold the 341(a) because the Debtor characteristically failed to file the appropriate documents with the Trustee--further causing delay to creditors.

27. On April 27, 2022, the Trust filed an Amended Proof of Claim for an unsecured pre-petition claim in the amount of the judgment and interest of $388,492.06. (Proof of Claim #5).

28. As in the First Bankruptcy Case, the Trust filed a Complaint objecting to the dischargeability of its claim and commenced an Adversary Action in June 24, 2022 against the Debtor.

29. On April 28, 2022, the Trustee filed a Motion to Dismiss this bankruptcy case, which was scheduled for a hearing on June 2, 2022. (D.I. #40)

30. At that point, the Debtor presumably provided the Trustee with the requested documents. The 341(a) was continued to June 29, 2022.

31. On June 2, 2022, this Court held a hearing on the Trust's Motion to Dismiss Higgins's Second Bankruptcy Case. The Trust pointed out that Higgins had not properly included all his creditors. The Court wound up scheduling an evidentiary hearing because the Debtor raised some facts to contest the Trust's argument regarding Section 109(e).

32. The <u>evidentiary hearing was going to be on 109(e) and the bad faith argument raised in the Motion to Dismiss</u>. The Court proposed setting it in early in July, but Higgins stated he would be in Costa Rica. Thus, the Court set the evidentiary hearing for July 18, 2022.

33. On June 28, 2022, the Debtor filed a Voluntary Dismissal of his Second Bankruptcy Case-thereby avoiding having to testify at the 341(a), and avoiding an evidentiary hearing on Section 109(e) and on the Trust's Motion to Dismiss for Bad Faith.

**(iii)    22-12021-mdc (Third Bankruptcy Case")**

34. On August 2, 2022, the Debtor filed his Third Bankruptcy Case. This was days after the Trust had filed its judgment entered by the State of California to Chester County, Pennsylvania. It was also days before the continued Sheriff Sale in Chester County.

35. The Debtor filed a Motion to Extend the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B), which the Trust and another creditor SAIF have filed objections to. That hearing is set for August 30, 2022.

36. On August 16, 2022, the Debtor filed its Schedules, SOFA. An amended creditor Matrix was filed at some point after the case was filed.

37. Despite filing the Schedules and SOFA and swearing to their truth under penalty of perjury, the Debtor did not disclose that he has been indicted by a Grand Jury for the District of Delaware and the United States has charged him with a felony for, *inter alia*, Attempt to Evade or Defeat Tax, Tax Evasion and Wire Fraud and the charges refer to Higgins's false and fraudulent personal income tax returns from 2015-2022 submitted to the U.S., and his diverting business assets as further stated therein. *See* Exhibits "A" and "B." Charges in the Criminal Action also state, *inter alia*, that Higgins has diverted business assets of the Argent Asset Group LLC to pay personal expenses in violation of Title 26. § 7201, and outlines charges with respect to a victim that is *extremely similar to Higgins's actions with respect to Mr. Parker*. *See* Exhibit "B," Pages 4-6.

## IV. BASIS FOR RELIEF REQUESTED

38. The Debtor's bankruptcy case should be dismissed for his egregious, bad faith under Section 1307 and relevant case law for repeatedly failing provide his creditors with the truth, and hiding behind his fraud. The Debtor has repeatedly not being forthright with the Court about his creditors.

39. The knowing failure to disclose the Criminal Action that is comprised of a thirteen (13) count Complaint with felony charges brought by a Grand Jury is despicable.

40. As stated herein, the charges in the Criminal Action also state, *inter alia*, that Higgins has diverted business assets of the Argent Asset Group LLC to pay personal expenses in violation of Title 26. § 7201, and outlines charges with respect to a victim that is *extremely similar to Higgins's actions with respect to Mr. Parker*. See Exhibit "B," Pages 4-6.

## V. ARGUMENT

### The Debtor's Case Should Be Dismissed under Section 1307 of the Bankruptcy Code Because the Totality of the Circumstances Show the Debtor's Bad Faith.

41. Section 1307 of the Bankruptcy Code provides that a party in interest may convert a case to a case under chapter 7, or may dismiss a case whichever is in the best interest of creditors and the estate after notice and a hearing.

42. Because of the Debtor's failure to disclose his creditors to this Court and failure to disclose the fact of this Chapter 13 case to his creditors, it is in the best interest of the estate and the creditors that this case be dismissed forthwith. The Trust has been prejudiced and had to spend thousands of dollars to keep its judgment that it has been entitled to since it was entered in 2016. It stands to reason that the other creditors who were not disclosed are being similarly prejudiced.

43. "The Third Circuit instructs bankruptcy Courts to look at the totality of the circumstances to determine if bad faith exists and may consider a range of factors. *In re Myers, 491 F.3d at 125.* These factors include 'the nature of the debt…; the timing of the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and creditors.' The above list is not exclusive and bankruptcy courts have broad discretion to determine good faith, or a lack thereof, based on whether the petitioner has abused the provisions, purpose, or spirit of the bankruptcy law. Id at 126." *Ruth v. Swigert (In Re Swigert)*, 601 B.R. 913, 920 (Bankr. M.D. PA. 2019).

44. The Debtor's treatment of his creditors before and during his bankruptcy cases has been deplorable and dishonest. Everything that the Trust and other creditors have been telling this Court about Robert Higgins's dishonestly has finally been recognized by the Grand Jury for the District of Delaware that indicted him on thirteen (13) felony counts including tax evasion, filing false tax returns and diverting business funds to pay personal expenses. See Exhibit "B."

45. There is little question that by hiding the identity of his creditors, the Debtor has abused the purpose and spirit of the bankruptcy law.

46. Given that this is a dispositive motion, it is doubtful that the Debtor will agree to the relief requested.

47. The Court in Higgin's first bankruptcy case was speaking about the Debtor's failure to list the Trust as a creditor and aptly stated in her Order granting the Trust's Motion to Annul the Automatic Stay, "The Debtor did not provide any justification for failing to do so, and the Court concludes that the failure constitutes inequitable, unreasonable and dishonest behavior." (Order, D.I. 249, Paragraph 4.)

48. The Judge's words also sum up the Debtor's behavior in this bankruptcy case.

**VI.** <u>**CONCLUSION**</u>

49. Based on the foregoing, the Debtor's case should be dismissed forthwith, and to prevent him from continually prejudicing creditors, a bar should be imposed so he must request and obtain court permission before he files bankruptcy again.

FINEMAN KREKSTEIN & HARRIS

*/s/ Deirdre M. Richards*
Deirdre M. Richards (#57712)
1801 Market Street, Suite 1140
Philadelphia, PA  19103
(215) 893-8703
drichards@finemanlawfirm.com

DATED: August 19, 2022

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| In re:<br><br>ROBERT L. HIGGINS,<br><br>Debtor. | Case No.: 22-12021 (mdc)<br><br>Chapter 13 |
|---|---|
| THE DONALD PARKER<br>SEPARATE PROPERTY TRUST<br><br>Movant,<br>v.<br><br>ROBERT L. HIGGINS<br><br>Respondent. | |

**[PROPOSED] ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE**

On this _____ day of August, 2022, upon consideration of the Expedited Motion to Dismiss The Debtor's Bankruptcy Case for Bad Faith Pursuant to II U.S.C. §1307(c) ("Expedited Motion to Dismiss") filed by The Donald Parker Separate Property Trust (the "Trust"), it is HEREBY ORDERED that the Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED THAT the Debtor may not file a Bankruptcy case without seeking this Court's permission for a period of two years.

_____
The Honorable Magdeline D. Coleman
Chief United States Bankruptcy Judge

{01848016;v1}