IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
|     Robert L. Higgins, | | |
|         Debtor. | : | Bankruptcy No. 22-12021-MDC |

# MEMORANDUM

**I.  INTRODUCTION**

Pending before the Court for resolution is the motion of the Donald Parker Separate Property Trust (the "Parker Trust") to dismiss the above-captioned bankruptcy case (the "Dismissal Motion")[1] as a bad faith filing pursuant to §1307(c) of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code").  Robert Higgins (the "Debtor") has filed a response to the Dismissal Motion (the "Response"),[2] opposing dismissal and arguing his bankruptcy petition was filed in good faith.  The Court held a hearing on the Dismissal Motion on November 18, 2022 (the "Hearing"), after which the Court took the matter under advisement.[3]

For the reasons discussed below, the Court will deny the Dismissal Motion.

**II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

    **A.  The Debtor's 2016 Case**

---

[1] Bankr. Docket No. 18.

[2] Bankr. Docket No. 23.

[3] All matters in this case were held in suspense from June 20, 2023 through September 7, 2023 due to the criminal proceedings pending against the Debtor and the possible implication of his rights under the Fifth Amendment of the United States Constitution.  The matter came back under advisement as of that date.

The Debtor filed his first bankruptcy case under chapter 13 of the Bankruptcy Code on May 18, 2016 (the "2016 Case").[4] The Debtor's plan was confirmed in the 2016 Case, and on July 2, 2021, he received a general discharge.

Prior to the entry of the discharge order, the Parker Trust filed a non-dischargeability action against the Debtor (the "Non-Dischargeability Action"),[5] seeking a determination that the judgment (the "California Judgment") the Parker Trust obtained in a California action against the Debtor (the "California Action") was non-dischargeable pursuant to §§1328(a)(2) and (a)(4) and §§523(a)(3), (a)(4), and (a)(6) of the Bankruptcy Code. The Non-Dischargeability Action was still pending at the time the Debtor received his general discharge. However, on January 25, 2022, after an evidentiary hearing, the Court granted the Parker Trust's motion for an order retroactively annulling the automatic stay (the "Annulment Order") with respect to the California Judgment, which was obtained two months after the 2016 Case was commenced, due to the Debtor's failure, notwithstanding having been served with the Complaint in the California Action, to provide notice of his bankruptcy case to the Parker Trust.[6]

On April 15, 2022, the Parker Trust then filed a motion seeking an order that the Debtor's debt to the Parker Trust was not dischargeable pursuant to §§1328(a)(2) and 523(a)(3) of the Bankruptcy Code based on the Debtor's failure to schedule the California Judgment (the "Nondischargeability Motion"),[7] to which the Debtor objected.[8] On May 11, 2022, the Court

---

[4] Bankr. Case No. 16-13543.

[5] Adv. Pro. No. 20-00279.

[6] Bankr. Case No. 16-13543, at Docket No. 249.

[7] Bankr. Docket No. 260.

[8] Bankr. Docket No. 263.

2

entered an order granting the Nondischargeability Motion and finding that the Debtor's debt to the Parker Trust was excepted from the Debtor's discharge pursuant to §1328(a)(2).

### B.    The Debtor's Prior 2022 Case

On February 16, 2022, while his 2016 Case was still pending, the Debtor filed another chapter 13 bankruptcy case (the "Prior 2022 Case").[9]  On May 6, 2022, the Parker Trust filed a motion to dismiss the Prior 2022 Case on the basis that the Debtor's noncontingent, liquidated, unsecured debt exceeded the statutory threshold for a chapter 13 debtor under §109(e) of the Bankruptcy Code (the "Debt Limit Dismissal Motion"),[10] to which the Debtor filed a response (the "Response").[11]  A hearing on the Debt Limit Dismissal Motion was scheduled to occur on July 18, 2022.

Although a proposed plan as well as various other motions were filed and hearings held in the Prior 2022 Case, no plan was confirmed.  On June 28, 2022, the Debtor filed a notice of voluntary dismissal.[12]  The Court entered an Order the following day dismissing the Prior 2022 Case.[13]

### C.    The Present Case

On August 2, 2022, a little more than a month after the Prior 2022 Case was dismissed, the Debtor filed the present chapter 13 case (the "Present Case").  Concurrently with his chapter 13 petition, the Debtor filed a motion (the "Stay Extension Motion")[14] pursuant to §362(c)(3)(B)

---

[9] Bankr. Case No. 22-10375.  The Parker Trust obtained relief from stay in the Prior 2022 Case on April 11, 2022 to file the Nondischargeability Motion in the 2016 Case.  Bankr. Docket No. 37.

[10] Id. at Docket No. 48.

[11] Id. at Docket No. 58.

[12] Id. at Docket No. 77.

[13] Id. at Docket No. 78.

[14] Bankr. Docket No. 4.

3

of the Bankruptcy Code for a continuation of the automatic stay in the Present Case beyond the 30-day period after which it would otherwise expire under §362(c)(3)(A) due to the Debtor's Prior 2022 Case having been pending but dismissed within the preceding one-year.  In the Stay Extension Motion, the Debtor asserted that he voluntarily dismissed the Prior 2022 Case to avail himself of the increased debt limit of $2,750,000.00 for chapter 13 debtors (the "Increased Debt Limit"), provided for by the Bankruptcy Threshold Adjustment and Technical Corrections Act enacted on June 21, 2022 while the Prior 2022 Case was pending.[15]  On August 31, 2022, the Court entered an order denying the Stay Extension Motion.[16]

While the Stay Extension Motion was pending, the Parker Trust filed the Dismissal Motion.  The Court held an evidentiary hearing on November 18, 2022 (the "Hearing"), which consisted primarily of testimony from the Debtor.  At the conclusion of the Hearing on the Dismissal Motion, the Court took the matter under advisement.

### III.   DISCUSSION

#### A.   The Parties' Arguments

The Parker Trust asserts in the Dismissal Motion that the Debtor's bad faith in filing the Present Case is established based on his failure to list, in his bankruptcy schedules or Statement of Financial Affairs, a criminal action pending in federal court in Delaware alleging 13 counts against him for, *inter alia*, tax evasion and wire fraud (the "Delaware Criminal Action").  The Parker Trust alleges that this omission follows the Debtor's pattern from his prior cases of not disclosing creditors, claims against him, and assets in his schedules, amending them only when such lack of disclosure is unearthed, and engaging in strategic avoidance of inquiries by the

---

[15] Stay Extension Motion, at ¶¶4-5, 10.

[16] Bankr. Docket No. 39.

4

Court and creditors regarding such disclosure deficiencies. The Parker Trust argues that under the "totality of the circumstances" test the Third Circuit employs to determine whether a filing is in bad faith, the Debtor's established practice of "hiding the identity of his creditors" abuses the purpose and spirit of bankruptcy law, and constitutes bad faith in filing the Present Case.[17]

The Debtor's Response asserts the Debtor's failure to list the Parker Trust as a creditor in the 2016 Case was an inadvertent omission, and that his omission of the Delaware Criminal Action from his schedules and Statement of Financial Affairs in the Present Case was an honest mistake based on his reasonable belief that this "investigation" was not responsive to any question therein. The Debtor offered to amend his schedule E/F and his Statement of Financial Affairs to include the Delaware Criminal Action,[18] but asserts that he "stood nothing to gain by failing to include this investigation" because it is not stayed under §362 of the Bankruptcy Code and no liquidated claim has been asserted. The Debtor asserts that no creditor has been harmed by his oversight and therefore there is no basis to dismiss the case, let alone to do so with a bar order.[19]

---

[17] At the Hearing, the Parker Trust questioned the Debtor regarding his transfer of the ownership of his home in West Chester, Pennsylvania during the pendency of his 2016 Case, which was held in his name alone, to the names of himself and his non-debtor wife as joint tenants. Although the Debtor's counsel did not object to this line of questioning, this was not a grounds set forth in the Dismissal Motion for a bad faith finding. The Parker Trust also sought to question the Debtor regarding his alleged undervaluation of the value of his entity interests, which also was not specifically raised in the Dismissal Motion.

[18] On the same date that he filed his Response, the Debtor filed an amended Schedule E/F and an amended Statement of Financial Affairs, each disclosing the Delaware Criminal Action. *See* Bankr. Docket Nos. 25, 27.

[19] The Parker Trust filed a reply to the Response, arguing that it is "unbelievable that Higgins would think that [the Delaware Criminal Action] was not a lawsuit, but an 'investigation' when in fact, prior to the bankruptcy filing on August 2, 2022, on May 26, 2022, [the Debtor] had appeared in the US District Court before a judge for his arraignment … Besides the failure to disclose on the Statement of Financial Affairs, Higgins failed to disclose the government's claims against him on his Schedules – even in an unknown amount. He actually knew or had reckless disregard for the truth that the United States was a creditor with claims prior to filing his bankruptcy case." Bankr. Docket No. 31, at ¶¶3-4.

B. **Applicable Legal Standard**

Section 1307(c) of the Bankruptcy Code provides for conversion or dismissal of a chapter 13 bankruptcy case upon a finding of cause, and sets forth a non-exclusive list of circumstances constituting cause. 11 U.S.C. §1307(c). Although not expressly enumerated among those circumstances, a chapter 13 petition filed in bad faith can also be dismissed for cause pursuant to 11 U.S.C. §1307(c). *See, e.g., In re Myers,* 491 F.3d 120, 125 (3d Cir. 2007); *In re Legree,* 2002 Bankr. LEXIS 1560, at *4 (Bankr. E.D. Pa. Aug. 21, 2002) (citing, among others, *In re Lilley,* 91 F.3d 491, 496 (3d Cir. 1996)). The burden is on the moving party to put the debtor's good faith in dispute. *Legree,* 2002 Bankr. LEXIS 1560, at *4.

As noted *supra,* the Parker Trust asserts that in consideration of the totality of the circumstances, the Debtor filed the Present Case in bad faith.[20] Good faith in chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances, which is a fact-intensive determination left to the discretion of the bankruptcy court. *Id.* Factors that are considered include, but are not limited to, the nature of the debt, the timing of the petition, how the debt arose, the debtor's motive in filing the petition, the effect on the creditors, the debtor's treatment of creditors pre- and post-petition, and whether the debtor has been forthcoming with the bankruptcy court. *Id.* (citing *Lilley*). A history of serial filings and dismissal can be evidence of bad faith. *Id.* (citing *Lucabaugh v. I.R.S.,* 2001 U.S. Dist. LEXIS 9749, 2001 WL 997416, at *3 (E.D. Pa. June 27, 2001) and *In re Dami,* 172 B.R. 6, 10 (Bankr. E.D. Pa. 1994)). Dismissal

---

[20] The Debtor argued at the conclusion of the Hearing that the Parker Trust had not established the existence of any of the enumerated circumstances warranting dismissal under §1307(c), but acknowledged that bad faith warranting dismissal, which is not an enumerated circumstance, is evaluated under a totality of the circumstances analysis. Therefore the Parker Trust did not need to establish the existence of any of the §1307(c) circumstances in order to establish bad faith.

6

on bad faith grounds, however, is to be reserved for truly egregious cases. *Todaro v. Wells Fargo Bank, N.A. (In re Todaro)*, 648 B.R. 50, 60 (Bankr. W.D. Pa. Jan. 5, 2023).

### C. Analysis

The Court understands the Parker Trust's argument to be that the Debtor's failure to disclose the Delaware Criminal Action in his schedules and Statement of Financial Affairs in the Present Case, together with his failure to provide notice to or list the claim of the Parker Trust in the 2016 Case and his voluntary dismissal of the Prior 2022 Case, together establishes his bad faith in filing the Present Case.[21]

First, although the Court has already found that there was no excuse for the Debtor's failure to list the claim of Donald Parker or the Parker Trust in his schedules in the 2016 Case, the Debtor paid the price for that omission with the Court's finding that the California Judgment debt to the Parker Trust was not discharged.

Second, with respect to the Prior 2022 Case, the Debtor testified at the Hearing that he filed the case to save his home from foreclosure, but then voluntarily dismissed the case without having attained plan confirmation, to take advantage of the Increased Debt Limit. It is true that, at the time of dismissal, the Debtor was facing the possibility of one or more adverse rulings on creditor motions. The Court finds, however, that in the unique circumstance of the chapter 13 debt limit being raised while his case was pending, and in the face of a motion asserting that he exceeded the prior debt limit, the Debtor's explanation as to his reason for dismissing the Prior 2022 Case and refiling the Present Case is reasonable and credible. As such, that dismissal does not weigh against the Debtor in the bad faith evaluation.

---

[21] At the Hearing the Parker Trust's counsel characterized this pattern of conduct as the Debtor's "cavalier attitude" towards his obligations in bankruptcy. November 18, 2022 Hearing Recording, at 2:48 to 2:49 p.m.

Finally, with respect to the Present Case, the Parker Trust points to the Debtor's failure to list the Delaware Criminal Action in his schedules and statements, and argues that his subsequent amendment of those documents after the Dismissal Motion was filed does not cure the disclosure failing.  At the Hearing, the Debtor was shown the court docket in the Delaware Criminal Action, reflecting that on May 26, 2022, *i.e.* well before the Present Case was filed, he was present for his initial appearance in court.[22]  Given that fact, when asked on examination by the Parker Trust's counsel, and again by his own counsel, why he did not list the Delaware Criminal Action in response to question 9 in his Statement of Financial Affairs,[23] he responded that he was "innocent until proven guilty" and therefore he believed it was an unresolved action that did not need to be disclosed.[24]

The Court first notes that it understands the Parker Trust's incredulity with this explanation, particularly given that the language of question 9 of the Statement of Financial Affairs both requires disclosure of all "court actions" and does not limit that disclosure obligation to only those where a debtor has been found guilty or liable.  However, the Court finds the Debtor's representation sufficient to avoid a finding that he intentionally omitted the Delaware Criminal Action from his schedules and statements in order to hide its existence.  This is particularly so, as the Debtor argues in his Response, because the Debtor would not have had reason to do so.  The Delaware Criminal Action is not stayed under the Bankruptcy Code.  *See* 11 U.S.C. §362(b)(1).  Moreover, any restitution or criminal fine imposed in the Delaware

---

[22] Exhibit M-4.

[23] Question 9 asks as follows: "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?  List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes."

[24] November 18, 2022 Hearing Recording, at 2:14 p.m.

8

Criminal Action is nondischargeable. *See* 11 U.S.C. §1328(a)(4). In light of these Bankruptcy Code provisions, and unlike the debt to the Parker Trust that the Debtor failed to schedule in his 2016 Case, the Debtor would have obtained no advantage in failing to disclose the Delaware Criminal Action. The Court therefore credits his testimony that he misunderstood the scope of matters that required disclosure in his schedules and Statement of Financial Affairs.

In sum, the Parker Trust has not established a pattern of nondisclosure and abuse in the Debtor's bankruptcy cases that rises to the level of the "truly egregious case" warranting dismissal for bad faith. Looking to the *Lilley* considerations specifically, the Debtor has provided adequate explanations regarding the timing of his Prior 2022 Case, its dismissal, and the filing of the Present Case, his motive in filing each of his three cases, his intended treatment of creditors through a confirmed plan, and his confusion regarding whether the Delaware Criminal Action needed to be listed in his schedules and Statement of Financial Affairs, such that the totality of the circumstances does not warrant dismissal of the Present Case as a bad faith filing.

## IV. CONCLUSION

For the reasons set forth above, the Dismissal Motion will be denied. An order consistent with this Memorandum will be entered.

Dated: January 25, 2024

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Robert J. Lohr, II, Esquire
Lohr and Associates, Ltd.
1246 West Chester Pike, Suite 312
West Chester, PA 19382

Melissa C. Chiang, Esquire
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581

Deirdre M. Richards, Esquire
Fineman Krekstein & Harris
1801 Market Street, Suite 1140
Philadelphia, PA 19103

Thomas J. Barnes, Esq.
Egbert & Barnes, P.C.
349 York Road, Suite 100
Willow Grove, PA 19090

Kenneth E. West, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912